UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRYL DUNCAN,
    Plaintiff,

vs.                                                        08-4017

ROGER WALKER, et. al.,
    Defendants.

### MERIT REVIEW AND CASE MANAGEMENT ORDER

       This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Hill Correctional Center. The plaintiff has named nine defendants including Illinois Department of Corrections (herein IDOC) Director Roger Walker, Deputy Director Guy Pierce, Warden Gerardo Acevedo, Warden Pulley, Warden Wright, Teacher Matthew Pogue, Officer Bill Smith, Administrative Review Board Member Melody Ford and Administrator Petersen.

       The plaintiff says on August 31, 2007, he went to the law library and asked for some legal materials, paper and an envelope so he could correspond with the court. The plaintiff says he was asked to show documents demonstrating he had a court deadline to meet. The plaintiff says he also provided his Trust Fund Ledger sheets demonstrating that he had no funds. The plaintiff says
his state pay had gone to pay for legal copies and postage. The plaintiff says Defendants Pogue, Wright, Smith and Pulley denied him legal materials. In addition, the plaintiff was told that inmates who received state pay and still asked for free materials would receive disciplinary tickets. The plaintiff says he filed a grievance and explained that one of his lawsuits might be dismissed if he did not receive legal materials immediately, but his grievance was denied by Defendants Gerardo, Ford and Walker. The plaintiff says as a result of the plaintiff's actions, one of his cases was dismissed. The plaintiff further claims the defendants' actions were motivated by retaliation based on his attempts to file lawsuits and previous lawsuits.

       The plaintiff has adequately alleged that the defendants have violated his constitutional rights. Prison officials have an affirmative duty to provide inmates with meaningful, but not unconditional, access to the courts. *Bounds v. Smith,* 430 U.S. 817, 825 (1977). The withholding of legal materials from inmates will not violate the right of access to the courts unless it prejudices a potentially meritorious legal challenge. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Marshall v*

*Knight,* 445 F.3d 965, 968 (7th Cir. 2006).  In addition, the plaintiff has also alleged that the defendants have violated his First Amendment rights when the retaliated against him for attempting to file a lawsuit.

The plaintiff says he has named Deputy Director Guy Pierce as a defendant because he is the "boss of Hill C.C's staff." (Comp, p. 10)  A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).  For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). A supervisor cannot be held liable for the errors of his subordinates simply because he is the supervisor. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  The court will allow the plaintiff to proceed against Defendant Pierce since the plaintiff is alleging that that the denial of legal materials was a policy at Hill Correctional Center.

The plaintiff also alleges that on or about November 1, 2007, Defendant Peterson locked the plaintiff in the law library with no running water or a bathroom.  The officer said he was going to lunch and he was not opening the door for two hours.  The plaintiff has stated a violation of his Eighth Amendment rights.

The plaintiff's complaint also alleges that he has been treated unjustly during his incarceration and says "my movement is monitored, my telephone is monitored, my mail is monitored and my legal mail has even been opened illegally, see attached exhibit." (Comp, p. 11). The plaintiff has attached a response from the Administrative Review Board concerning a grievance about the mail room.  However, the plaintiff has made no specific claims against any of the named defendants.

Finally, the plaintiff has filed a motion for appointment of counsel. [d/e 3]   The plaintiff has attached a mental health evaluation done three years ago in a criminal case.  The report does not indicate that the plaintiff is on psychotropic medication or unable to proceed in his case.  The plaintiff also does not indicate that he has made any effort to obtain counsel on his own.   The motion is denied.

Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'"  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

Based on the plaintiff's submissions and his previous lawsuits, the plaintiff appears competent to proceed on his own. *(See Duncan v. Ferkus,* 05-4013; *Duncan v. Transcos,* 03-6830; *Duncan v. Lamanna,* 01-9928; *Duncan v. Fapso,* 05-1193; *Duncan v Ferkus,* 05-4106 in the

Northern District of Illinois.)  The court also notes the plaintiff's claims are not complex.

**IT IS THEREFORE ORDERED:**

1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

> a) Defendants Walker, Pierce,  Acevedo, Pulley,  Wright, Pogue,  Smith and Ford violated the plaintiff's constitutional right to meaningful access to the courts;
> b) Defendants Walker, Pierce,  Acevedo, Pulley,  Wright, Pogue,  Smith and Ford retaliated against the plaintiff based on his attempts to file a lawsuit and previous lawsuits; and,
> c) Defendant  Petersen violated the plaintiff's Eighth Amendment rights on November 1, 2007.

2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this 28th  Day of July, 2008

                              s\Harold A. Baker
                         _____
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE